THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. OSCAR CARRIÓN MOLINA, Defendant and Appellant.

No. 17376. Decided November 5, 1962.

*Oscar Carrión Molina,* pro se. *Roberto de la Torre* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM.

Appellant Oscar Carrión Molina was found guilty by a court without a jury of three subsequent offenses of burglary in the first degree and of two violations of the Weapons Law. He was sentenced to serve one year in jail for each offense of carrying weapons and from 10 to 30 years for each offense of burglary. The trial court ordered that the minimum terms of the last three sentences be served concurrently and the maximum terms consecutively.

Five errors are assigned on appeal.

■■ 1–3. The first two errors are predicated on the designation of subsequent offense in the informations, alleging that appellant's "right to be presumed innocent" was thereby violated and that the trial judge should have disqualified himself upon learning of appellant's penal history before trying the case on the merits. The third error is predicated on the alleged undue use of a nickname or alias in the information in making reference to appellant. In cases before a jury an allegation of prior conviction, admitted by defendant, should not be submitted to the jury so as not to confuse them by such allegation. *People* v. *Beltrán,* 73 P.R.R. 466 (1952); *People* v. *González,* 80 P.R.R. 203, 205 (1958); *People* v. *Colón,* 81 P.R.R. 321 (1959); and *People* v. *Aponte,* 83 P.R.R. 491 (1961). If defendant denies the existence of prior convictions, it is necessary to introduce evidence thereon and the jury shall be the one to decide. Section 225 of the Code of Criminal Procedure, 34 L.P.R.A. § 816.

■ The foregoing rule should not be applied to cases tried by a court without a jury, since the trier is not going to be confused nor influenced by such allegation and will decide only on the basis of the evidence introduced before him on the commission of the offense charged against defendant. Moreover, there is no basis in the record to infer that the trial court was prejudiced against appellant by the designation of subsequent offense nor by the use of the nickname or alias in the informations. The three errors in question were not committed.

■ 4. The fourth error is to the effect that the judgment is contrary to the evidence, it being alleged that the testimonies of the aggrieved parties are conflicting and that "the evidence is circumstantial and there is reasonable doubt." In his brief the Solicitor General analyzes the evidence and states the applicable law as follows:

"The prosecution evidence consisted in the testimonies of Eva Jové Juarbe, police officer Juan R. Montañez, Hilda Elena Rosario del Valle, and Elsa Pietri Caraballo. All the ladies positively identified defendant as the person whom they caught inside their homes in the evening hours. Police officer Montañez testified that he saw him jumping a fence and that he saw a knife when he approached him. When he searched him he found $136.86, a flashlight, two masks, a coat, and a cap. Witness Hilda Elena Rosario identified the coat and the cap as the same which he was wearing the night he burglarized her residence. The defense attempted unsuccessfully to challenge the identifications, but all the witnesses insisted without hesitation that defendant was the man. Appellant makes a series of imputations to the detective and to the witnesses which are not supported by the record. The defense consisted in denying that defendant was the person caught in those homes.

"The trial judge had before him conflicting evidence and he settled the conflict by giving credit to the prosecution witnesses, and therefore found defendant guilty of the offenses charged. It is the function of the jury or of the judge acting in the first instance to determine the credibility of the witnesses who testify before them, and their conclusions will not be

disturbed by this Court unless it is shown 'that they exceeded their powers in giving credit to the prosecution witnesses. *People* v. *Barreto,* 85 P.R.R. 723 (1962) ; *People* v. *Aletriz,* 85 P.R.R. 621 (1962) ; *People* v. *Andino,* 78 P.R.R. 744 (1955) ; *People* v. *López,* 67 P.R.R. 732 (1947) ."

We are agreed with this exposition. We therefore believe that the fourth error assigned by appellant was not committed.

■ 5. The fifth and last error challenges the order of the trial court that the minimum terms of the judgments in the burglary cases be served concurrently and the maximum terms consecutively. Appellant has not been prejudiced by such order, but on the contrary was benefited, for the court could have ordered that the three minimum terms be served consecutively. *People* v. *Figueroa Rodríguez,* judgment of September 5, 1962. Instead it ordered that the minimum terms be served concurrently so that upon completing 10 years of imprisonment appellant could be eligible for parole. Act No. 117 of June 26, 1961, amending § 2 of Act No. 295 of April 10, 1946, 34 L.P.R.A. § 1025. *Gutiérrez* v. *Delgado, Warden, ante,* p. 309.

The errors assigned not having been committed, the judgments appealed from will be affirmed.